**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No. 2:24-cr-00127-JAW** |
| | ) | |
| **LUIS GARCIA,** | ) | |
| | ) | |
| **Defendant** | ) | |

**ORDER ON MOTION FOR TRANSCRIPT AND IFP APPLICATION**

Luis Garcia pleaded guilty to the following crimes: access device fraud, conspiracy to commit the same, and aggravated identity theft, and he was sentenced to a total of thirty-four months of imprisonment on June 10, 2026. ECF No. 45. The Court entered judgment the same day and amended that judgment twice in July 2026. ECF Nos. 47, 51, 57. On October 2, 2026, Garcia filed a motion for a copy of his sentencing transcript at the Government's expense and an application to proceed without paying fees and costs (IFP application). ECF Nos. 59-60.

Garcia's case is not in a procedural posture that allows for a transcript at the Government's expense. The Government pays "[f]ees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act, or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis." 28 U.S.C. § 753(f) (cleaned up).

Garcia did not appeal his sentence within the fourteen days allowed under Federal Rule of Appellate Procedure 4(A), and he has not filed an application for a

writ of habeas corpus under 28 U.S.C. § 2255. Transcripts are not available as a matter of course. *United States v. MacCollom*, 426 U.S. 317, 321 n.1 (1976). And a potential habeas petitioner cannot receive a transcript at the Government's expense to search for a basis to challenge their sentence. *See Matiz v. United States*, 55 F. Supp. 2d 83, 84 (D. Mass. 1999) ("The petitioner has not made an adequate showing of a particularized need for the transcripts. Her stated reason—that she might find a basis for another collateral attack on her conviction—does not satisfy the requirements of 28 U.S.C. § 753(f)"). Garcia represented to the Court that he "needs the sentencing transcripts to determine if any further filings in his case are needed, that his representation at sentencing was proper or for use at the Bureau of Prisons." ECF No. 59 at 2. These grounds are insufficient to grant the requested relief under 28 U.S.C. § 753(f).

For the foregoing reasons, the motion for a transcript at the Government's expense is **DENIED,** and the IFP application is **MOOTED**.

***NOTICE***

***In accordance with Federal Rule of Criminal Procedure 59(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.***

***Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.***

Dated: October 6, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge